UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                   NUMBER: 13-194

DONALD JONES, JR.                        SECTION: "B"


ORDER AND REASONS

Before this Court is Petitioner Donald Jones, Jr.'s "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255." Rec. Doc. 192. Petitioner requests vacating his sentence as to Counts 1 and 2 of the indictment and remand for resentencing, or in the alternative grant an evidentiary hearing. *Id.* at 26. The government has filed its "Memorandum in Opposition to Defendant's Petition for Relief Pursuant to Title 28 U.S.C. § 2255." Rec. Doc. 194. For the reasons outlined below

**IT IS ORDERED** that the request for an evidentiary hearing is **DENIED as unnecessary due to completeness of the record;**

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate the sentence is **DENIED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 7, 2015, this Court sentenced Petitioner to one hundred eighty months imprisonment after he pled guilty to Counts 1, 5, and 7 of his indictment, namely: one count of violating 21

1

U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride; one count of violating 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) for possession with intent to distribute five hundred grams or more of cocaine hydrochloride, a quantity of cocaine base, and one hundred grams or more of heroin; and one count of violating 18 U.S.C. § 924(c)(1)(A)(i) for possession of firearms in furtherance of a drug trafficking crime. Rec. Doc. 143. Petitioner was sentenced to one hundred twenty months imprisonment as to Count 1 of his guilty plea, seventy-eight months imprisonment as to Count 5, and sixty months imprisonment as to Count 7. *Id.* at 3. This Court ordered Petitioner's sentences to run consecutively with credit for time served. *Id.*

On January 20, 2015, Petitioner appealed his sentence for the conspiracy charge, Count 1, alleging that the district court erred by applying the mandatory minimum sentence of one hundred twenty months imprisonment to that charge. Rec. Doc. 144. The United States Court of Appeals for the Fifth Circuit affirmed Petitioner's sentence on October 5, 2015, finding that the mandatory minimum for Petitioner's conspiracy charge was correctly applied since Petitioner should be held responsible for the quantity of drugs handled by the conspiracy as a whole. Rec. Doc. 185.

**PETITIONER'S REQUEST**

On January 18, 2017 Petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Rec. Doc. 192. He asserts two grounds for relief. First, he contends that due to ineffective assistance of counsel his guilty plea as to Count 1 was involuntary and should be set aside. *Id.* at 15. Second, he alleges that the Court illegally sentenced him to Count 2 of the indictment, to which he did not plead guilty, and thus his sentence as to Counts 1 and 2 amounts to a miscarriage of justice. *Id.* at 21.

In support of his first claim that his guilty plea was involuntary, Petitioner alleges that his counsel failed to adequately examine the record and advise Petitioner that the combined quantity of cocaine hydrochloride seized from an SUV and Petitioner's home, along with the amount that Petitioner sold to an informant, did not add up to five kilograms, the minimum volume required by his Count 1 conspiracy charge. *Id.* at 18. Because Petitioner relied on his attorney's advice in pleading guilty to that charge, Petitioner asserts that his guilty plea was involuntary. *Id.* In support of his second claim that he was illegally sentenced to Count 2 rather than Count 5 of his indictment, Petitioner cites a misstatement by the Court during his sentencing proceedings in which the Court referred to Count 2 rather than Count 5. *Id.* at 23. Petitioner asserts that because

the Court sentenced him to Count 2 rather than Count 5, his sentence is a miscarriage of justice and thus his sentences for Counts 1 and 2 should be vacated and remanded for resentencing. *Id.* at 26.

**THE GOVERNMENT'S RESPONSE**

In opposition, the Government argues that Petitioner is not entitled to relief pursuant to § 2255 because (1) his counsel was not ineffective and (2) Petitioner is barred from raising his claim that he was sentenced to Count 2 because he did not raise the claim on direct appeal. Rec. Doc. 194 at 1-2. The Government asserts that Petitioner's counsel was effective because the drug quantity seized from the SUV referenced in Petitioner's Presentence Report contained an error in decimal placement and thus Counsel's advice on the quantity seized was correct. *Id.* at 5. The amount of cocaine seized from the SUV amounted to a net weight of 4,923 grams rather than the erroneous 492.3 grams reflected in the Presentence Report. *Id.* The Government also contends that even if Petitioner could prove that his counsel's failure to notice the mistake amounted to ineffective assistance of counsel, Petitioner cannot prove that he was prejudiced by that failure because a conspiracy charge does not require that Petitioner be held responsible only for the drugs in his possession. *Id.* at 5-6.

In support of its second objection that Petitioner cannot raise a new claim under a § 2255 motion, the Government contends

that Petitioner cannot demonstrate both "cause and prejudice" as required for claims of error not raised on direct appeal. *Id.* at 6-7. The Government asserts that Petitioner cannot show cause excusing his procedural default because Petitioner's counsel did not commit a procedural default by failing to object to the Court's singular misstatement. *Id.* Because the Court referred to the correct count during the rest of Petitioner's sentencing, the plea agreement referred to the correct charges, and the correct charges were discussed during Petitioner's rearraignment, Petitioner's counsel did not err when he failed to subsequently raise the issue. *Id.* at 7-8. Nor can Petitioner show prejudice from the misstatement because he received a sentence for Count 5, not Count 2. *Id.* at 8.

**LAW & ANALYSIS**

"After conviction and exhaustion or waiver of any right to appeal, [a defendant is presumed to stand] fairly and finally convicted." *U.S. v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (citing *U.S. v. Frady*, 456 U.S. 152, 164 (1982)) (internal quotations omitted). As the Fifth Circuit has noted, § 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Thus, a defendant typically may only challenge a final conviction on constitutional or jurisdictional issues in

collateral review. *U.S. v. Shaid*, 937 F.2d at 232 (citing *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

### A. Ineffective Assistance of Counsel

Petitioner first asserts that his guilty plea was involuntary because his counsel provided ineffective assistance in violation of the Sixth Amendment. Rec. Doc. 192 at 15. An ineffective assistance of counsel claim may be raised under § 2255 regardless of whether a petitioner raised such a claim on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). While a defendant who has pled guilty generally waives nonjurisdictional challenges to his conviction, he may attack the voluntariness of his guilty plea. *McMann v. Richardson*, 397 U.S. 759, 782 (1970); *see also U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). To be valid, a plea must be "a voluntary and intelligent choice." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A guilty plea is not voluntary and intelligent if counsel does not render reasonably effective assistance. *See Mason v. Balcom*, 531 F.2d 717, 725 (5th Cir. 1976) (citing *McCarthy v. U.S.*, 394 U.S. 459 (1969)); *Walker v. Caldwell*, 476 F.2d 213, 218 (5th Cir. 1973). To challenge the voluntary nature of his guilty plea, a petitioner must plead with specificity the connection between

his counsel's error and his guilty plea. *Glinsey*, 209 F.3d at 393 (citing *U.S. v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

To prove ineffective assistance of counsel, Petitioner must demonstrate both (1) that his counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that petitioner was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The *Strickland* two-pronged test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). If Petitioner fails to prove one prong of the *Strickland* test, it is unnecessary to analyze the remaining prong. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

In analyzing counsel's effectiveness as part of the first prong of the *Strickland* test, there is a "strong presumption" that counsel's conduct was reasonable. *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In determining prejudice, the analysis for cases involving guilty pleas "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. A petitioner must demonstrate a reasonable

probability that he would not have pled guilty and would have gone to trial had his counsel been effective. *Id.*

In the instant case, Petitioner fails to demonstrate either prong of the *Strickland* test. Petitioner alleges that his attorney misrepresented the total quantity of cocaine found in an SUV. Rec. Doc. 192 at 15-20. He asserts that he would not have pled guilty to the conspiracy charge, Count 1 of his indictment, had he known the quantity of cocaine found in the SUV did not amount to five kilograms when combined with the amounts found in his home and that he sold to a cooperating defendant. *Id.* However, Petitioner's Presentence Report contains a typographical error in decimal placement regarding the amount of cocaine found in the SUV. *See* Rec. Docs. 128 at 7; 194 at 5. Though Petitioner's Presentence Report reflects that only 492.3 grams of cocaine were found in the SUV, a net quantity of 4,923 grams of cocaine was actually found. *See* Rec. Docs. 128 at 7; 192 at 35-37, Exhibit B; 194 at 5. The 4,923 grams of cocaine hydrochloride found in the SUV combined with 1,907 gross grams of cocaine hydrochloride found in his home and the 255.15 grams of cocaine hydrochloride that he sold to another defendant amount to the requisite five kilograms for Count 1 of Petitioner's guilty plea. See Rec. Docs. 128 at 9-10; 192 at 35, Exhibit B.

Thus, Petitioner's counsel's advice was not inaccurate or deficient. In fact, Petitioner's counsel accurately advised his

client of the quantity of cocaine found in the SUV prior to Petitioner's guilty plea. Plus, because Petitioner was accurately advised of the total amounts of cocaine found and he pled guilty to the correct amounts, Petitioner was not prejudiced by his counsel's performance.

Furthermore, Petitioner was not prejudiced by his counsel's failure to object to Count 1 of the indictment on the basis of the amount of cocaine reflected in the Presentence Report because any such objection would have been futile. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions"). Even if counsel had objected to the conspiracy charge on that basis, such an objection would have failed because Petitioner was still being charged with, and pleading guilty to, the correct quantity of cocaine. Additionally, such a failure could not have prejudiced Petitioner because the Fifth Circuit specifically found that Petitioner should be held responsible not just for the cocaine in his possession but for the cocaine handled by all members of the conspiracy to which he pled guilty. *See* Rec. Doc. 185 at 2 (citing *U.S. v. Akins*, 746 F.3d 590, 611-13 (5th Cir. 2014)). Because the amount of cocaine handled by the conspiracy as a whole amounted to more than 5 kilograms, counsel's failure to object to either the error in the Presentence Report or to Petitioner's indictment on the basis of the quantity

reflected in the Presentence Report did not prejudice Petitioner. *See* Rec. Docs. 31; 128 at 6-11.

Moreover, a petitioner typically cannot refute testimony given at a plea hearing while under oath. *Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)) (internal quotations omitted). Plea agreements signed by a petitioner are "accorded great evidentiary weight." *U.S. v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Petitioner now attempts to claim that he was not involved in the conspiracy. Rec. Doc. 192 at 18. However, Petitioner's factual basis establishes otherwise. Rec. Doc. 109. Moreover, Petitioner stipulated to the five kilogram quantity as part of his guilty plea to the conspiracy charge. *Id.* at 6. Nothing in the record suggests that Petitioner did not plead guilty to the conspiracy count knowingly, voluntarily, or intelligently.

### B. Miscarriage of Justice/Illegal Sentence

Petitioner next alleges that he was sentenced to a count on the indictment to which he did not plead guilty. Rec. Doc. 192 at 21. Petitioner cites a singular misstatement by the undersigned during Petitioner's sentencing as evidence that he was sentenced to Count 2 of the indictment rather than Count 5. Rec. Doc. 192 at

23. Petitioner did not raise this error on direct appeal. Rec. Doc. 185.

If a petitioner raises a constitutional or jurisdictional issue in a collateral attack without first having raised it on direct appeal, he must demonstrate both "cause" for his procedural default and "prejudice" resulting from the error. *U.S. v. Frady*, 456 U.S. at 168. The cause and prejudice standard is more stringent than the plain error standard applied in direct appeals. *Shaid*, 937 F.2d at 232. A demonstration of cause for procedural default requires that the petitioner show that "some objective factor external to his defense" prevented him from raising the claim on direct appeal. *U.S. v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)) (internal citations omitted). To demonstrate prejudice, a petitioner must show "an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Shaid*, 937 F.2d at 233 (citing *Frady*, 456 U.S. at 170).

Petitioner cannot demonstrate either cause for his procedural default or prejudice from the Court's misstatement. Petitioner cites only his counsel's failure to "view the record" as the basis for his failure to raise that this error on direct appeal. *See* Rec. Doc. 192 at 5. While ineffective assistance of counsel can be cause for procedural default, it is unnecessary to analyze a potential claim of ineffective assistance of counsel because

Petitioner cannot demonstrate prejudice. *See U.S. v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (finding that ineffective assistance of counsel is cause for procedural default); *see also Frady,* 456 U.S. at 168 (declining to analyze cause when it was clear the defendant suffered no prejudice); *U.S. v. Vinnett*, No. 13-125, 2016 WL 705205, at *4 (E.D. La. Feb. 22, 2016) (declining to analyze cause when defendant had not been prejudiced).

Petitioner suffered no prejudice because he was correctly sentenced to Count 5, not Count 2. Rec. Doc. 143. Other than a single misstatement, the Court correctly referenced Count 5, not Count 2, at all times during Petitioner's plea proceedings and sentencing. Rec. Docs. 109; 110; 143. Moreover, Petitioner's 78 month sentence attributed to Count 5 in the judgment aligns with the sentencing guidelines for Count 5 of the indictment. *See* Rec. Docs. 31; 128 at 12-14; 143 at 3. Because Petitioner received the correct sentence, he was not prejudiced by the Court's single misstatement.

Petitioner did not demonstrate any authority for this Court to grant him relief from his sentence. He failed to establish that he received ineffective assistance of counsel in pleading guilty because his counsel's advice was not deficient and thus could not be prejudicial. In fact, Petitioner's counsel accurately advised him of the quantity of cocaine found in an SUV and of the quantity of cocaine required for the conspiracy charge to which Petitioner

pled guilty. Additionally, Petitioner failed to establish prejudice due to the Court's singular misstatement during his sentencing proceedings since he pled guilty and was sentenced to the correct charge.

A § 2255 motion to vacate a sentence does not automatically require an evidentiary hearing. *U.S. v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). If "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court need not grant a hearing. 28 U.S.C. § 2255(b). Petitioner bears the burden of proving the contentions of his § 2255 motion by a preponderance of the evidence. *Wright v. U.S.*, 624 F.2d 557, 558 (5th Cir. 1980). Because the record conclusively shows that Petitioner is entitled to no relief on his claims of ineffective assistance of counsel or an illegal sentence, no evidentiary hearing is warranted.

Accordingly, there is no need for an evidentiary hearing and the instant §2255 motion is **DISMISSED** as meritless.

New Orleans, Louisiana, this 5th day of September, 2017.

　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE