UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-194** |
| **DONALD JONES JR.** | **SECTION "B"(3)** |

### ORDER AND REASONS

Considering defendant Donald Jones' motion for compassionate release (Rec. Doc. 208) and the government's response (Rec. Doc. 210),

**IT IS ORDERED** that defendant's motion (Rec. Doc. 208) is **DISMISSED WITHOUT PREJUDICE.**

A motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) may be granted only if filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A). If the defendant can show that he exhausted all administrative remedies, the court may reduce the defendant's term of imprisonment upon a finding that "(i) extraordinary and compelling reasons warrant such a reduction" and "(ii). . .such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

1

The defendant's sister Djenaba Jones filed the instant motion on his behalf, maintaining that compassionate release should be granted because defendant's July 2019 cyst removal procedure renders him more susceptible to contracting COVID-19. Rec. Doc. 208 at 1. The motion also indicates that defendant's father was diagnosed with chronic obstructive pulmonary disease, sarcoidosis and rheumatoid arthritis and defendant's release would be of "great assistance" in providing daily care to his father. *Id.*

The government urges the Court to deny the motion for compassionate release because defendant failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Rec. Doc. 210 at 2-3. First, the government asserts that we cannot consider a compassionate release motion by a third party on behalf of a defendant. *Id.* at 2. Lastly, even if we were to consider the sister's request, the government argues that the motion should still be denied because Ms. Jones does not mention nor attach any documentation of defendant's internal request for compassionate release to BOP. *Id.* at 3.

This Court has held that "Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *3 (E.D.La. May 20, 2020)(Morgan, J.). However, other courts outside of this circuit have held that third parties may exhaust administrative remedies on behalf of a defendant for purposes of compassionate

2

release. *See United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *2 (D.Ariz. May 29, 2020)("Ordinarily, the administrative request for compassionate release submitted by a third party would not satisfy the exhaustion requirement. However, these circumstances are not ordinary."); *see also United States v. Vigil*, No.: 3:09-CR-322-J-32PDB, 2020 WL 6044561, at *3 (M.D.Fla. Oct. 13, 2020)("BOP Protocol allows third parties, such as family members, to submit a request for compassionate release on behalf of an inmate.").

Nothing in the record indicates that defendant or his sister filed a request with BOP prior to filing this motion. Therefore, until defendant complies with the exhaustion requirements, the instant motion is dismissed without prejudice.

New Orleans, Louisiana this 30th day of March, 2021

SENIOR UNITED STATES DISTRICT JUDGE